**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4313

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARK LOWERY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:04-cr-00252)

Submitted: June 20, 2007          Decided: August 21, 2007

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kimberly Y. Best, THE BEST LAW FIRM, P.L.L.C., Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Lowery was convicted of possession with intent to distribute marijuana and aiding and abetting the same, in violation of 21 U.S.C. § 841 (2000). He was sentenced to twenty-seven months in prison. Lowery now appeals, raising two issues. We affirm.

I

Lowery first claims that the evidence was insufficient to convict him. "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "Substantial evidence is that evidence which a 'reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Cardwell, 433 F.3d 378, 390 (4th Cir. 2005) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)), cert. denied, 126 S. Ct. 1669 (2006). We review both direct and circumstantial evidence and permit the "[G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). We do not review the credibility of witnesses, and we assume the jury resolved all contradictions in the Government's favor. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).

To establish a violation of 21 U.S.C. § 841, the Government must prove beyond a reasonable doubt that the defendant: (1) knowingly; (2) possessed the controlled substance; (3) with the intent to distribute it. United States v. Burgos, 94 F.3d at 873. Possession may be actual or constructive. United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). "A person has constructive possession of a narcotic if he knows of its presence and has the power to exercise dominion and control over it." United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985). Intent to distribute may be inferred if the amount of drugs found in the defendant's possession exceeds an amount normally associated with personal consumption. United States v. Wright, 991 F.2d 1182, 1187 (4th Cir. 1993). "To prove aiding and abetting the crime of possession of drugs with intent to distribute the government must connect [the defendant] with . . . possession and intent to distribute." United States v. Kelly, 888 F.2d 732, 742 (11th Cir. 1989).

Viewed in the light most favorable to the Government, the evidence at trial established that Philip Ductan agreed to sell twenty pounds of marijuana to Mandrel Dunn for $12,000 and to deliver the drug to Dunn at a Charlotte restaurant. Unbeknownst to Ductan, Dunn was a police informant. Ductan, Landis Richardson, and Lowery traveled to Charlotte in two vehicles: a blue Ford Expedition and a Chevy Tahoe registered to Lowery. Prior to Ductan's, Richardson's and Lowery's arrival at the restaurant,

officers saw the cars stopped at a light. Occupants of the Expedition appeared to converse with Lowery, who was driving the Tahoe.

Lowery, Richardson, and Ductan arrived at the restaurant in the Expedition. Dunn and an undercover police officer met them. After greeting Ductan, Dunn and the officer visited the restroom. The officer noticed that a man followed them into the restroom and followed them out. The officer surmised that the man (Lowery) was surveilling them. Once Lowery and the officer were back outside, Ductan told them that the marijuana was in his truck. The men walked to the Expedition. Richardson and Lowery sat in the front seat. Ductan got into the right seat of the second row, and Dunn sat next to him. Ductan showed Dunn and the officer, who was standing outside the truck, about a pound of marijuana that was concealed in the truck's back row of seats. Dunn exited the truck, telling Lowery and the others that he had to go get the money. At that point, the officer gave a "take-down" signal, alerting other officers who were standing by that they should approach and arrest the truck's occupants.

During the search incident to Lowery's arrest, officers recovered a set of car keys that operated the Tahoe, which was parked at a nearby motel. Inside the Tahoe, they detected a strong odor of marijuana and found Lowery's birth certificate, the vehicle's registration showing that the Tahoe was registered in

Lowery's name, a gun, and approximately eighteen pounds of marijuana.

This evidence was sufficient to convict Lowery of the offense. Officers found eighteen pounds of marijuana—a distribution quantity and the bulk of the expected delivery to Dunn—inside Lowery's vehicle. Furthermore, Lowery accompanied Ductan and Richardson to the site of the expected transaction, apparently surveilled Dunn and the undercover officer when they went to the restroom, and watched them as Ductan showed them the marijuana in the Expedition.[1]

## II

Lowery also challenges his sentence of twenty-seven months. He contends that sentencing enhancements for possession of a firearm and obstruction of justice violate the Sixth Amendment because the facts supporting those enhancements were determined by the district court based on a preponderance of the evidence.

We review a sentence imposed after United States v. Booker, 543 U.S. 220 (2005), to determine whether the sentence is "within the statutorily prescribed range and reasonable." United

---

[1]In a somewhat related argument, Lowery contends that his conviction is inconsistent with his acquittal of conspiracy to distribute marijuana. A defendant cannot challenge a conviction simply because it may be inconsistent with a verdict of acquittal on another count. United States v. Powell, 469 U.S. 57, 66 (1984); United States v. Thomas, 900 F.2d 37, 40 (4th Cir. 1990).

- 5 -

States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).[2]  "[A] sentence within the proper advisory guideline range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006) (citations omitted).[3]  After Booker, as before, such sentencing factors are determined by judges based on a preponderance of the evidence.  See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).  Elements of the offense must be admitted by the defendant or determined by a jury beyond a reasonable doubt; however, sentencing factors are decided by the judge based on the lower standard of proof.  Id.  We therefore reject Lowery's claim that the district court's determination of sentencing factors violated the Sixth Amendment.

Here, Lowery was sentenced within the statutory maximum and within the properly calculated guideline range of twenty-seven to thirty-five months.  Further, the district court took into account the § 3553(a) factors when imposing sentence.  We conclude that his sentence was reasonable.

### III

We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in

---

[2]Lowery does not contend that his sentence was outside the statutorily prescribed range.

[3]Similarly, Owens does not attack the calculation of the advisory guideline range.  Nor would such an attack be successful, as our review of the record establishes that the range was correctly calculated.

the materials before the court and argument would not aid the decisional process.

AFFIRMED